**STATE of Utah, Plaintiff and Respondent,**

v.

**Ernest Francis SANCHEZ, Defendant and Appellant.**

**No. 16103.**

Supreme Court of Utah.

May 8, 1980.

F. John Hill of Salt Lake Legal Defenders Ass'n, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

Defendant appeals from his conviction, by a jury, of two offenses: violation of Sec. 76–6–202, Utah Code Annotated 1953, (burglary), and 76–6–404 (theft).

There is no dispute as to the commission of both offenses, but the defendant denies having committed either, on appeal assigns two points as reversible error, i.e.:

(1) The evidence was insufficient to support or corroborate an accomplice's testimony;

20. See Rule 19(b), Utah Rules of Civil Procedure.

(2) That it was error to order *defense* counsel not to consult with a witness called by the prosecution after the latter had testified and before the trial was terminated.

As to the first point, the record reflects ample evidence to corroborate such testimony and no reason exists to detail such evidence here.

The second matter asserted is of more serious import. After defense counsel had cross-examined a prosecution witness, it appeared that counsel may have been surprised and disconcerted by the answers. Pursuant to a colloquy between him and the court, the court admonished counsel not to talk to the witness thereafter during the trial.

In support of the court's action, reference is made to Sec. 78–7–4, U.C.A. 1953, which states:

"78–7–4. Right to exclude in certain cases.—In an action of divorce, criminal conversation, seduction, abortion, rape, or assault with intent to commit rape, the court may, in its discretion, exclude all persons who are not directly interested therein, except jurors, witnesses and officers of the court; *and in any cause* the court may, *in its discretion, during the examination* of a witness *exclude any and all other witnesses* in the cause.

It will be noted the quoted statute does not apply to the instant situation for two reasons. The charges against the defendant are not among the crimes listed therein. We have no doubt that in its inherent powers as the authority in control of the trial the court could exclude witnesses in any case where it appears there is good cause for doing so; and for the same reason he may properly direct that witnesses not talk to each other or to others during the trial. But unless some such good cause or justification appears, this interdiction should not prohibit counsel for either side from talking to witnesses. They are officers of the court, charged with the duty of ascertaining sources of competent testimony material to a determination of the issues. Talking to witnesses who may have knowledge of such facts is quite permissible and to be expected in performing that duty. Consequently, except in some rare exigency, which might conceivably justify doing so, we see no reason why the court should admonish lawyers not to talk to witnesses called by either side.

The court should also be conscious of the fact that all concerned, including the parties, witnesses and jurors, look to him as the source of justice and the comments he makes and the attitude he conveys toward counsel and the trial may have an important effect thereon. On the basis of our discussion herein, we are not able to conclude with assurance the impropriety of procedure complained of did not have a substantial effect upon the trial. From this record we perceive no justification for the Court's action. The effect thereof may well have been prejudicial. Wherefore, it is necessary the verdicts be set aside and the cases be remanded for a new trial. No costs awarded.

CROCKETT, C. J., and HALL, WILKINS, and STEWART, JJ., concur.